KEKER & VAN NEST LLP
MICHAEL D. CELIO (SBN 197998)
mcelio@kvn.com
BENEDICT Y. HUR (SBN 224018)
bhur@kvn.com
ANDREW LEVINE (SBN 278246)
alevine@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:   415 397 7188

Attorneys for Defendant
BROADCOM CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALFREDO J. TALAVERA,<br><br>                    Plaintiff,<br><br>     v.<br><br>BROADCOM CORPORATION,<br><br>                    Defendant. | Case No. 8:12-cv-01085-FMO-MLG<br><br>**[**~~PROPOSED~~**] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**<br><br>Judge:     Hon. Fernando M. Olguin<br><br>Date First Am. Comp.<br>Filed:  Feb. 20, 2013<br><br>Trial Date:  April 7, 2014 |

Having considered the Joint Stipulation In Support Of Protective Order Regarding Confidential Information submitted by the Parties, through their counsel of record, and in order to protect confidential information exchanged by the Parties in connection with this case and pursuant the Court's authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502,

**IT IS HEREBY BY ORDERED THAT** the following Stipulated Protective Order Regarding Confidential Information, and its terms, shall govern the production, use and disclosure of confidential information in this case:

## I.   GOOD CAUSE STATEMENT

It is in the intent of the Parties and the Court that information will not be designated as confidential for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record in this case.  Examples of confidential information that the Parties may seek to protect from unrestricted or unprotected disclosure include:

        a.   Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

        b.   The names, or other information tending to reveal the identity of a Party's supplier, designer, distributor, or customer;

        c.   Agreements with third-parties, including license agreements, distributor agreements, manufacturing agreements, design agreements, development agreements, supply agreements, sales agreements, or service agreements;

        d.   Research and development information;

        e.   Information related to budgets, sales, profits, costs, margins licensing of technology or designs, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information;

  f. Information related to internal operations, including personnel information, employment policies, accounting standards and controls;

  g. Information related to communications with outside auditors or counsel;

  h. Information concerning litigation, including potential exposure to liability;

  i. Information related to past, current and future product development;

  j. Information related to past, current and future market analyses and business and marketing development, including plans, strategies, forecasts and competition;

  k. Trade secrets (as defined by the jurisdiction in which the information is located).

Unrestricted or unprotected disclosure of such confidential technical, commercial or personal information would result in prejudice or harm to the producing Party by revealing the producing Party's competitive confidential information, which has been developed at the expense of the producing party and which represents valuable tangible and intangible assets of that party.  Additionally, privacy interests must be safeguarded. Accordingly, the Court finds that there is good cause for the entry of this Protective Order.

**II. DEFINITIONS**

 The following definitions shall govern the provisions of this Stipulated Protective Order:

  l. "Action":  the above-captioned matter, as well as any related mediation or settlement discussions between the Parties related to the above-captioned matter.

  m. "Challenging Party":  Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

n.  "Confidential Material":  any disclosed or produced material, testimony, or information that is designated by a Party or Non-Party as CONFIDENTIAL under this Stipulated Protective Order.

o.  "Designating Party":  a Party or Non-Party that designates information or items that it produces in this Action as Confidential Material.

p.  "Non-Party":  any natural person, corporation, or other legal entity not named as a Party to this Action.

q.  "Party":  any named Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel of record.  This definition does not include unnamed members of the putative plaintiff class.

r.  "Receiving Party":  any Party or Non-Party who receives Confidential Material in connection with this Action.

### III. APPLICABILITY AND SCOPE

The protections conferred by this Stipulated Protective Order cover not only Confidential Material but also:  (1) any facts or information extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Material.

### IV. DESIGNATING CONFIDENTIAL MATERIAL

Any Party or Non-Party may designate as Confidential Material any document or other information the Designating Party in good faith believes to contain confidential personal, business, financial, proprietary, and/or trade secret information, or other non-public information that is entitled to confidential treatment under applicable law.

A Party or Non-Party may designate a document as Confidential Material by stamping "CONFIDENTIAL" on each page of any document containing such designated Confidential Material.

1       A Party or Non-Party may designate information disclosed during a deposition or in response to written discovery as Confidential Material by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material.  In addition, a Party or Non-Party may designate in writing, within thirty days after receipt of said responses or of the final deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Material.  During that thirty day period, such responses or deposition testimony shall be treated provisionally as Confidential Material.

      A Party may designate as Confidential Material documents, information, or discovery materials produced by another Party or Non-Party by providing written notice to all Parties of the relevant document numbers or other identification.

## V.    USE AND DISCLOSURE OF CONFIDENTIAL MATERIAL

      All Confidential Material produced or exchanged in the course of this Action shall be used by the Parties to whom the information is produced solely for the purpose of this Action.  Confidential Material shall not be used for any commercial, competitive, personal, or other purpose.

      Except with the prior written consent of the Designating Party, or upon prior order of this Court obtained upon notice to opposing counsel, documents designated as CONFIDENTIAL shall not be disclosed to any person other than:

    a.    The Court and its staff;

    b.    Counsel for the respective Parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

    c.    Employees of such counsel;

    d.    Professional vendors hired by such counsel for purposes of providing litigation support services (e.g., photocopying, scanning, and preparing demonstrative exhibits), provided they agree to keep the Confidential Materials strictly confidential;

   e. Individual Parties, or officers or employees of a Party, to the extent deemed necessary by counsel for the prosecution or defense of this Action;

   f. Consultants or expert witnesses retained for the prosecution or defense of this Action, provided they sign the Agreement to be Bound (Exhibit A) by this Stipulated Protective Order;

   g. Court reporters and videographers (and necessary support personnel of such court reporters and videographers) who are retained in connection with depositions taken by any Party in this Action to the extent necessary to transcribe and/or record the deposition testimony and identify exhibits marked in the course of the deposition;

   h. Any deposition, trial, or hearing witness who is identified on the face of a document as the original author or recipient of the document;

   i. Any deposition, trial, or hearing witness who is an officer, director, or employee of the Designating Party;

   j. Any deposition, trial or hearing witness who does not meet the requirements of Subparagraphs (h) or (i); provided, however, that each such witness given access to the Confidential Materials shall be advised that such materials are being disclosed pursuant to, and are subject to, the terms of this Stipulated Protective Order and that they may not be disclosed other than pursuant to its terms; and

   k. Any special master, referee, mediator or arbitrator appointed by the Court or selected by the parties to assist in the resolution of the Action.

  Any persons receiving Confidential Material shall not reveal such documents or underlying information to any person who is not entitled to receive such information under the provisions of the Stipulated Protective Order.

  In the event that additional persons become Parties to this Action, they shall not have access to Confidential Material so designated in this Action until the

5

[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
CASE NO.  8:12-CV-01085-FMO-MLG

760636.01

newly joined Party or its counsel of record confirms in writing that it agrees to be bound by the terms of this Stipulated Protective Order.

If a Party or any of its representatives, including counsel, inadvertently discloses any Confidential Material to persons who are not authorized to use or possess such material, the Party shall (1) provide immediate written notice of the disclosure to the Designating Party, (2) inform the person or entity to whom unauthorized disclosure was made of all the terms of this Stipulated Protective Order, and (3) use its best efforts to retrieve all unauthorized copies of the Confidential Information.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

If a Party contends that any material is not entitled to "CONFIDENTIAL" treatment under this Stipulated Protective Order, the Challenging Party may at any time give written notice to the Designating Party, citing this paragraph to avoid ambiguity regarding whether a challenge has been made. That written notice must specify each designation subject to challenge and describe in detail the basis for each challenge.

Within ten business days of such written notice, the Designating Party and the Challenging Party must meet and confer regarding the challenged designations. The Parties must attempt in good faith to resolve the dispute regarding the confidentiality of the materials in question.

If the Parties cannot resolve a dispute regarding material designated as Confidential Material, the Challenging Party may file a noticed motion challenging the designation(s) in question. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraphs.

Notwithstanding any challenge to the designation of material as Confidential Material, all designated material shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    a.    The Designating Party withdraws such designation in writing;

    b.    The Challenging Party fails to oppose the Challenging Party's motion regarding the challenged designations; or

    c.    The Court rules the material is not Confidential Material.

## VII.   NO WAIVER OF RIGHTS

Nothing in this Stipulated Protective Order shall be construed to preclude a Party from asserting in good faith that certain Confidential Material requires additional protection.

Failure of any Party to designate Confidential Material as "CONFIDENTIAL" shall not preclude that Party from thereafter in good faith making such a designation. Documents and materials so designated shall be fully subject to the provisions of this Stipulated Protective Order and treated thereafter as Confidential Material. A Receiving Party, however, shall incur no liability for disclosures made in good faith prior to notice of such designations.

This Stipulated Protective Order shall be without prejudice to the right of any Party to oppose production of any information on any grounds. The existence of this Stipulated Protective Order shall not be used by either party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure, or any applicable local rules or orders of this Court.

This Stipulated Protective Order has no effect upon, and its scope shall not extend to, any Party's use of its own information.

Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. The inadvertent production of any material subject to attorney-client privilege, work

product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege or protection. The inadvertent production of any such material shall be handled as follows, without prejudice to the right of any Party to apply to the Court for further protection:

    a.    The producing Party must provide written notice of the inadvertent production to the Receiving Party. This written notice should identify the inadvertently produced information by Bates number or other similar identifying information and specify the nature of the privilege(s) asserted.

    b.    Within five business days of receiving such written notice, the Receiving Party must destroy all copies of the inadvertently produced material, regardless of whether it contests the privilege claim. The Receiving Party must provide the Designating Party with written confirmation of this destruction. The Receiving Party shall not copy or otherwise disseminate those Confidential Materials, nor shall it disclose their substance.

    c.    If the Receiving Party believes it has a good faith basis to challenge the assertion of privilege, outside counsel for that Party should provide the producing Party with a written explanation of the basis for that belief. The Parties shall then meet and confer and pursue appropriate discovery procedures as necessary.

## VIII. SUBMISSION OF CONFIDENTIAL MATERIAL TO THE COURT

When filing or lodging Confidential Materials with the Court, the Parties shall comply with all applicable local rules, including Local Rule 79-5, together with any other applicable orders of the Court.

## IX. DURATION

All provisions of this Stipulated Protective Order restricting the disclosure or use of Confidential Material shall continue to be binding after the conclusion of this Action, unless otherwise agreed or ordered. Within thirty days of the conclusion of the Action, a Party in the possession of Confidential Material, other

than that which is contained in pleadings, correspondence, deposition transcripts, or its own attorney work product, shall either (a) return such materials to counsel for the Party or Non-Party who provided such information, (b) destroy such materials and certify in writing that the materials have been destroyed. Counsel of record may retain such materials for two years from the date a final judgment is entered in this action; however, the party retaining such materials will hold them as confidential pursuant to the duties imposed by this Stipulated Protective Order. At the end of the two-year period described above, counsel must either destroy or return the materials in the manner set forth above.

## X. MODIFICATIONS AND FURTHER AGREEMENTS

Any Party may petition the Court for modification of this Stipulated Protective Order upon proper notice to the other Parties. The Parties may enter into further written agreements designed to safeguard Confidential Material.

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulated Protective Order.

**IT IS SO ORDERED.**

Dated: July 2, 2013

_____
Hon. John E. McDermott
United States Magistrate Judge

# EXHIBIT A
# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order issued by the United States District Court for the Central District of California in the case of *Talavera v. Broadcom Corp.,* No. 12-cv-1085-FMO-MLG (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner, nor take any actions that would lead to the disclosure of, any Confidential Material subject to this Stipulated Protective Oder to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

Printed Name:_____

Address:_____

Date:_____

City and State where sworn and signed:

_____


Signature: _____